# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LARRY E. EALY,

      Plaintiff,                              Case No. 2:08-cv-260
                                                 JUDGE GREGORY L. FROST
      v.                                        Magistrate Judge Norah McCann King

MIKE RANKIN, Registrar,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of the motion for summary judgment filed by Defendant Mike Rankin, Registrar of the Ohio Bureau of Motor Vehicles. (Doc. # 28.) Plaintiff, Larry E. Ealy, has not filed a response to the motion. For the reasons that follow, this Court **DISMISSES** the captioned case.

Given the nature of today's decision, the Court need not describe the facts of this case in considerable detail. What need be noted is that Ealy received a traffic ticket on March 17, 2007. (Doc. # 28-2, at 2.) In addition to being found guilty of a traffic violation in the Dayton Municipal Court, Ealy also incurred a suspension of his driver's license for his failure to provide proof of insurance. (Doc. # 28-2, at 3, 5-6.) It appears that during the course of subsequent events, Ealy unsuccessfully submitted fraudulent proof of insurance in an attempt to secure his license and obtained from the Dayton Municipal Court an order correcting the date of his conviction, which had been erroneously stated by that court and which resulted in an error in his suspension record with the Bureau of Motor Vehicles. (Doc. # 28-2, at 7-10.) Ealy asserts in his Complaint that he is pursuing an appeal in the state court of appeals, although he alleges a

1

number of events surrounding that appeal in what he believes is a conspiracy against him. (Doc. # 4 ¶ 5.) Rankin agrees in his motion for summary judgment that Ealy is pursuing an appeal and that the appeal is still pending. (Doc. # 28, at 5.) Ealy's Complaint asks this Court to enjoin Rankin from enforcing the suspension during the pendency of Ealy's state court appeal, stating that "[t]he injunction is the Plaintiff[']s only possible remedy at law because the Plaintiff has filed a stay of sentence with the Administrative Judge in the lower courts and with the Second District Court of Appeals and has had no correspondence or feed back [sic] from either side." (Doc. # 4 ¶ 19.)

Although Rankin's summary judgment motion targets the merits of this action, the facts compel this Court to refrain from addressing the merits. Instead, this Court can *sua sponte* abstain from proceeding with this action, which the Court must dismiss pursuant to a long-standing doctrine of abstention. *See O'Neill v. Caughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (agreeing that "abstention may be raised by the court *sua sponte*").

The United States Supreme Court has held that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In other words, *Younger* "advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter." *Tesmer v. Granholm*, 333 F.3d 683, 688 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45), *rev'd on other grounds*, *Kowalski v. Tesmer*, 543 U.S. 125 (2004). The *Younger* doctrine, "which applies to an action seeking injunctive relief, applies as well to prohibit an action seeking declaratory relief when a state criminal prosecution is pending." *Id*. (citing

*Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). The United States Supreme Court has also held that the doctrine applies to civil administrative matters. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

The Sixth Circuit Court of Appeals has explained that there are "[t]hree requirements . . . for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n*, 457 U.S. at 432). The Court finds that each requirement for invocation of the doctrine exists here.

It is beyond question that Ealy's state proceeding falls within the scope of *Younger*. *Cf. BB & T Ins. Servs., Inc. v. Ohio Dep't of Ins.*, No. Civ.A. 2:06-CV-09, 2006 WL 314495, at *3 (S.D. Ohio Feb. 9, 2006) (describing when a proceeding is judicial in nature for purposes of *Younger* abstention). It is also undisputed that the state proceeding was ongoing at the time Ealy filed his Complaint (and in fact appears to remain ongoing), the second prong of the first requirement of *Younger*. *Id.* at *4.

Similarly beyond dispute is that the state has important interests in the licensing of those Ohio citizens who hold a state driver's license, in ensuring that those drivers adhere to state insurance requirements, and in enforcing suspensions involving both interests.

There is also no factual basis in the record before this Court permitting the conclusion that Ealy does not have an adequate opportunity to raise constitutional challenges as part of the

3

ongoing state proceedings. This is thus not an instance in which " 'state law clearly bars the interposition of constitutional claims.' " *Middlesex County Ethics Comm'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

The burden is on Ealy to demonstrate that " 'state procedural law barred presentation of [his] claims.' " *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)). Here, Ealy has offered no evidence to indicate that he is unable, or that he even attempted, to raise his constitutional challenge in the state forum. This point is significant, because " '[w]hen a litigant has not attempted to present [his] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Wong-Opasi v. Haynes*, 8 F. App'x 340, 343 (6th Cir. 2001) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Moreover, even if Ealy cannot raise his claims against the suspension before Rankin, it does not favor failing to invoke *Younger* here; Ealy is still litigating an appeal with which the suspension is intertwined. See *BB & T Ins. Servs., Inc.*, 2006 WL 314495, at *5 ("the mere fact that the state agency cannot consider constitutional claims does not prevent the application of the *Younger* abstention doctrine as long as the constitutional claims could be presented on review in state court" (citing *Dayton Christian Schools, Inc.*, 477 U.S. at 629)).

The Court also concludes that Ealy has failed to demonstrate that the exercise of jurisdiction is appropriate by pointing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Because *Younger* applies, this Court cannot afford Ealy the injunctive relief he seeks. *See Sun Refining & Marketing Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief" (citing *Colorado River Water Conservation District v. United State,* 424 U.S. 800, 816 n. 22 (1976))). *Cf. Wong-Opasi*, 8 F. App'x 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order). The fact that the *Younger* doctrine precludes the exercise of jurisdiction in this action also means that the Court should *sua sponte* dismiss the action. *See American Family Prepaid Legal Corp. v. Columbus Bar Assoc.*, 498 F.3d 328 (6th Cir. 2007) (upholding dismissal predicated on *Younger* abstention).

This Court therefore **DENIES** Rankin's motion for summary judgment as moot and **DISMISSES** the captioned case. (Doc. # 28.) The Clerk shall accordingly terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

          /s/ Gregory L. Frost
     GREGORY L. FROST
     UNITED STATES DISTRICT JUDGE